OPINION
Greg Donson and others are appealing the judgment of the Montgomery County Common Pleas Court which upheld the judgment of the Board of Zoning Appeals of Jackson Township, Montgomery County, Ohio (hereinafter "BZA").
On April 12, 2000, Dennis Hodson filed an application for a conditional use permit with the BZA. Mr. Hodson sought the conditional use permit in order to open a veterinary clinic on a parcel of land which was zoned for agricultural use. Notice of a hearing on Hodson's conditional use permit request was published in a local newspaper and sent to residents living within 800 feet of the proposed site. The notice mailed to the nearby residents misidentified the lot and its size. These residents were sent an amended notice with corrected information and the date of the new hearing on the issue.
On May 17, 2000, the BZA held a hearing on the application. At the hearing, Melanie Michaels, the zoning administrator for the BZA, read her staff report into the record, which recommended the grant of the conditional use permit. The BZA heard testimony on the application, including that of Mr. Donson and others who opposed the application (hereinafter "Appellants"). The BZA then granted Mr. Hodson's application. In its decision, the BZA did not make specific findings of fact on each of the section 406.04 standards in the Jackson Township Zoning Code, but rather only made the following statement:
 "The Jackson Township Board of Zoning Appeals, concluded this proposed Agricultural Use (Veterinary Clinic) would not cause any health safety or moral problems. And conplained {SIC} with the Jackson Township Zoning Resolution. The board approves the use with the following stipulations. There shall be no outside kennels for boarding purposes, Shall not bury any dead animals, Twp. will post signage for safety and Police Chief shall check road for safety use." (BZA Findings of Fact 5/18/2000)., Appellants filed an appeal pursuant to R.C. 2506 to the Common Pleas Court of Montgomery County. On January 4, 2001, the magistrate affirmed the decision of the BZA. The Appellants filed objections to the magistrate's opinion with the trial court, which overruled the objections and adopted the magistrate's opinion.
Appellants then filed their notice of appeal to this Court., Appellants raise the following assignment of error:
 "THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE BZA BELOW IN THE ABSENCE OF A PROPER APPLICATION AND WITHOUT A PREPONDERANCE OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE OFFERED BY APPLICANT TO MEET THE MANDATORY PRECONDITIONS FOR ISSUANCE OF A CONDITIONAL USE PERMIT."
Appellants argue that the trial court abused its discretion in affirming the judgment off the BZA when Mr. Hodson's application was incomplete, the residents' notice was not proper, the BZA had failed to make the required specific findings of fact, and the BZA's conclusions were not supported by the preponderance of substantial, reliable, and probative evidence offered by Mr. Hodson. We agree with the Appellants that the BZA failed to make the required specific findings of fact and, we reverse on that basis without addressing the remaining errors asserted by Appellants.
When an appellate court reviews a trial court's judgment regarding an agency's order, the appellate court may only reverse upon a finding that the trial court abused its discretion. Trent v. German Twp. Bd. ofZoning Appeals (2001), 144 Ohio App.3d 7. An abuse of discretion amounts to more than a mere error of law or judgment but demonstrates an attitude on behalf of the court which is unreasonable, arbitrary, or capricious.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Although the Tenth District Court of Appeals has found strict compliance with statutory requirements is not required, the court stated that the agency must still substantially comply with the statutory requirements. Olen Corp. v.Franklin County Board of Elections (1998), 43 Ohio App.3d 189.
The Jackson Township Zoning Regulations contain the following provision in its delegation of authority to the BZA:
"STANDARDS FOR CONDITIONAL USE
"The Board shall not grant a Conditional use unless it shall, in each specific case, make specific findings of fact directly based upon the particular evidence presented to it, that support conclusions that:
 "A. The proposed Conditional Use will comply with all applicable regulations of this Resolution, including lot size requirements, development standards and use limitations.
 "B. Adequate utility, drainage and other necessary facilities have been or will be provided.
 "C. Adequate access roads or entrance and exit drives will be provided and will be so designed as to prevent traffic hazards and to minimize traffic conflicts and congestion in public streets and alleys.
 "D. All necessary permits and license for the use and operation of the Conditional Use have been obtained, or evidence has been submitted that such permits are obtainable for the proposed Conditional Use on the subject property.
 "E. All exterior lights for artificial open-air illumination are so shaded as to avoid casting direct light upon any property located in a residential district.
 "F. The location and size of the Conditional Use, the nature and intensity of the operation involved or conducted in connection with it, the size of the site in relation to it, and the location of the site with respect to streets giving access to it, shall be such that it will be in harmony with the appropriate and orderly development of the district in which it is located.
 "G. The location, nature, and height of buildings[,] structures, walls, and fences on the site and the nature and extent of landscaping and screening on the site shall be such that the use will not unreasonably hinder or discourage the appropriate development, use and enjoyment of adjacent land, buildings and structures.
 "H. The Conditional Use desired will not adversely affect the public health, safety and morals.
 "I. Conditional Uses in the A, Agricultural District will not compromise the preservation of prime farmland and will not adversely affect the adjacent farmlands including existing field drainage systems." (Jackson Township Zoning Regulations 406.04) (emphasis added).
The BZA findings of fact only stated the following:
 "The Jackson Township Board of Zoning Appeals, concluded this proposed Agricultural Use (Veterinary Clinic) would not cause any health safety or moral problems. And conplained {SIC} with the Jackson Township Zoning Resolution. The board approves the use with the following stipulations. There shall be no outside kennels for boarding purposes, Shall not bury any dead animals, Twp. will post signage for safety and Police Chief shall check road for safety use." (BZA Findings of Fact 5/18/2000).
The BZA failed to make findings of fact to support all nine of the required conclusions. In its "Findings of Fact", the BZA only addressed the conclusion dealing with public health, safety, and morals. This is in direct contradiction to section 406.04 of the zoning regulations which mandates that the BZA make specific findings of fact to support each of the nine conclusions listed before it may grant a conditional use. The BZA's findings of fact fail to even substantially comply with the section 406.04 requirement. Therefore, we find that the trial court abused its discretion in affirming the decision of the BZA which clearly failed to comply with section 406.04 of the Jackson Township Board of Zoning Regulations. Since we find the trial court abused its discretion based on the BZA's failure to comply with section 406.04, we need not address Mr. Hodson's application, the hearing notice sent to the residents, and whether the BZA's conclusions were supported by the preponderance of substantial, reliable, and probative evidence. Thus, we find Appellants' assignment of error has merit and is sustained.
The judgment of the trial court is reversed, and because we find section 406.04 requires specific findings of fact supporting all nine of the listed conclusions, we remand this case to the Board of Zoning Appeals. If Appellants remained unsatisfied with the judgment of the BZA upon remand, their recourse would be to file an R.C. 2506 appeal of that judgment to the Common Pleas Court of Montgomery County, Ohio.
WOLFF, P.J. and GRADY, J., concur.